# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

In Re: M.H. & K.H.

No. 13-0647 (Mineral County 12-JA-25 & 12-JA-26)

## MEMORANDUM DECISION

Petitioner Father, by counsel Agnieszka Collins, appeals the Circuit Court of Mineral County's May 24, 2013 order terminating his parental rights to M.H. and K.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardians ad litem, Kelley Kuhn and Meredith Haines, filed a response on behalf of the children also supporting the circuit court's order. On appeal, Petitioner Father alleges that the circuit court erred in terminating his improvement period when the DHHR acknowledged that he needed drug counseling or rehabilitative therapy but failed to provide either to him.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a car accident in March of 2012, which resulted in the broken femur of M.H., then three years old, Petitioner Father was criminally charged with child endangerment, possession of drugs, and driving under the influence of drugs. The DHHR evaluated the family and substantiated findings that Petitioner Father used drugs and neglected the children by failing to provide proper supervision, driving under the influence, and "failing to bond" with the children. In August of 2012, the DHHR filed its initial petition against Petitioner Father alleging general neglect and drug abuse.

The circuit court held an adjudicatory hearing on September 12, 2012. During the adjudicatory hearing the circuit court heard testimony from a DHHR worker and admitted the results of Petitioner Father's drug and alcohol tests. By order entered on September 17, 2012, the circuit court found that the children were abused and neglected, and granted Petitioner Father a six-month post-adjudicatory improvement period. Petitioner Father was directed to participate in parenting and anger management classes, attend supervised visitation, and remain drug-free. In March of 2013, the circuit court found that Petitioner Father substantially complied with the terms of his improvement period and granted him a three-month extension. A month later, the circuit court terminated Petitioner Father's post-adjudicatory improvement period because he

1

tested positive for alcohol, marijuana, and cocaine, missed six drug screens, and did not attend anger management classes

On May 17, 2013, the circuit court held a dispositional hearing. During the dispositional hearing the circuit court heard testimony from a Child Protective Services worker, a licensed psychologist, and a service provider. The dispositional hearing was then continued until May 21, 2013, when the circuit court heard testimony from counselor Brian Duckworth, assistant director of Community Corrections. At the conclusion of the hearing, the circuit court terminated Petitioner Father's parental rights, finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the future because Petitioner Father showed little improvement during his improvement period, continued to test positive for drugs, and admitted that his drug problem had become worse during his improvement period. It is from this order that Petitioner Father appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Father argues that, instead of terminating his improvement period, the circuit court should have offered him additional services such as drug counseling or rehabilitative therapy. West Virginia Code § 49-6-12(f) directs circuit courts to terminate the improvement period upon a finding that the respondent failed to participate in any provision of the improvement period. By order entered on March 7, 2013, Petitioner Father was granted a three-month extension of his improvement period. Petitioner Father, who was expected to remain drug-free, was directed to submit to drug testing three times per week. During the hearing on the motion to terminate Petitioner Father's improvement period, Tara Hockaday, director of Community Corrections, testified that Petitioner Father did not appear for six scheduled drug tests after March 4, 2013. Ms. Hockaday also testified that Petitioner Father tested positive for alcohol on March 15, marijuana on March 27, and for cocaine on March 20, March 22, and April 1. Petitioner Father testified that he did not ask for additional substance abuse services or seek

any treatment on his own. As such, it is clear that Petitioner Father failed to participate in the services scheduled during his improvement period. The circuit court was not clearly erroneous in terminating Petitioner Father's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 24, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3